Michelle R. Matheson #019568
**MATHESON & MATHESON, P.L.C.**
15300 North 90th Street
Suite 550
Scottsdale, Arizona 85260
(480) 889-8951
mmatheson@mathesonlegal.com
*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laura D. Rojas,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Groupon, Inc.,<br><br>　　　　Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

Plaintiff Laura Daniela Rojas ("Plaintiff" or "Ms. Rojas"), by and through undersigned counsel, for her Complaint against Groupon, Inc. ("Groupon" or "Defendant") states and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Laura Rojas is an individual residing in Maricopa County, Arizona.

2. Upon information and belief, Groupon, Inc. is a Delaware Corporation which is conducting regular and continuous business in Maricopa County, Arizona.

3. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, as a result of Defendant's failure to pay Plaintiff overtime compensation for weeks in which Plaintiff worked over 40 hours.

4. Plaintiff also brings this action under the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101e, *et seq.*

5. Plaintiff was disabled, as defined under the ADA, at the time of the below-described events.

6. Defendant caused the events and actions complained of herein to occur in Maricopa County, Arizona.

7. Defendant is an employer within the meaning of the FLSA and the ADA.

8. This Court's jurisdiction over this matter is conferred under 29 U.S.C. § 1331 since this matter arises under a federal statute.

9. Venue is proper under 28 U.S.C. § 1391 because Defendant employed Plaintiff in Maricopa County, Arizona and all or a substantial part of the events or omissions giving rise to the claims occurred in the state of Arizona.

## EXHAUSTION OF REMEDIES

10. On September 23, 2016, Plaintiff filed a Charge of Discrimination against Defendant; Charge No. 540-2016-03178.

11. Plaintiff complained that she was discriminated against by Defendant because of her disability, and retaliated against for her disability and/or for requesting or requiring a reasonable accommodation.

12. Plaintiff subsequently supplemented her charge.

13. On October 26, 2016 the Equal Employment Opportunity Commission issued a Right to Sue notice informing Plaintiff of her right to initiate a lawsuit against Defendant for its alleged unlawful employment discrimination and retaliation.

14. Plaintiff received the Right to Sue notice later the same week.

15. This suit is timely filed within 90 days after Plaintiff's s receipt of the Right to Sue Notice.

## FACTS COMMON TO ALL COUNTS

16. In approximately 2014, Plaintiff was diagnosed with Post-Traumatic Stress Disorder ("PTSD") and Anxiety. This stemmed from abuse from an ex-boyfriend of Plaintiff's.

17. Plaintiff's PTSD and Anxiety constitute a mental impairment and also manifested physically in Plaintiff.

18. Plaintiff continued to suffer from PTSD and Anxiety through her employment with Groupon, and to the present.

19. Plaintiff's condition constitutes a disability under the ADA because of her record of a, and/or then-current, physical or mental impairment that substantially limits one or more of her major life activities.

20. Defendant is an e-commerce marketplace connecting consumers with merchants. Defendant's merchant clients offer activities, travel, goods and services for purchase at a discount on Defendant's website to Defendant's "group" consumers, thereby attracting business.

21. In July of 2015, Defendant hired and employed Plaintiff to work as a Connect Representative at its offices located at 1475 N Scottsdale Rd, Scottsdale, AZ 85257.

22. Plaintiff's job duties as a Connect Representative included, among other things, soliciting new merchants, deals, and business for Groupon and maintaining her client accounts.

23. Groupon sent an offer letter to Plaintiff outlining the terms and conditions of Plaintiff's initial employment. Groupon offered to pay Plaintiff $29,000 per year, plus commissions, in exchange for her services.

24. In the offer letter, Groupon confirmed that Plaintiff was not exempt from the overtime provisions of the FLSA, and that, thus, Groupon would pay Plaintiff time and a half for the hours she worked over 40 in any workweek.

25. At all times relevant, Defendant had an annual gross revenue of at least $500,000, and was, and continues to be, engaged in interstate commerce as defined by the FLSA.

26. Defendant is an employer within the meaning of 29 U.S.C. § 203(d), and Plaintiff was its "employee" within the meaning of 29 U.S.C. § 203(e)(1).

27. Despite knowing that Plaintiff was not exempt under the FLSA and in reckless and willful violation of the FLSA, Defendants failed to pay Plaintiff one and a half times her regular rate of pay for hours she worked over 40 in a workweek. This violates the FLSA, 29 U.S.C. § 207(a)(1).

28. Rather, Defendant paid Plaintiff her regular $29,000 salary for all hours worked, without regard to overtime or hours worked over 40.

29. In addition, Groupon enticed Plaintiff and its employees to work late or work weekends for no additional pay in exchange for pizza. This similarly violates the FLSA to the extent those hours were overtime.

30. Shortly after being hired by Groupon, Plaintiff informed Groupon of her disability and requested an accommodation.

31. Specifically, around August of 2015, Plaintiff, and then her doctor, filled out paperwork to request an ADA accommodation from Groupon.

32. Plaintiff's doctor advised Groupon that an appropriate accommodation would be allowing Plaintiff to take time off in four (4) or eight (8) hour time increments of up to 32 hours per month.

33. Plaintiff would still be able to, and was able to, fully perform all aspects of her job with the requested accommodation.

34. Groupon purported to grant Plaintiff her requested accommodation.

35. In reality, Plaintiff was discriminated and retaliated against for revealing her disability and requesting an accommodation.

36. Specifically, Plaintiff felt pressured by her supervisors to arrive at work even when she was experiencing symptoms of her PTSD and Anxiety.

37. In or around April of 2016, Division Sales Manager Daniella Daniels became Plaintiff's supervisor.

38. Ms. Daniels retaliated and discriminated against Plaintiff for her disability and for utilizing her accommodation (taking intermittent leave) and placed her on a Performance Improvement Plan.

39. Any purported performance deficiencies, however, outlined in the Performance Improvement Plan were due to the fault of Ms. Daniels, and not Plaintiff.

40. Ms. Daniels also harassed Plaintiff regarding Plaintiff's disability.

41. On May 9, 2016, Plaintiff lodged an internal complaint via letter to Defendant's Human Resources Department and her former supervisor, Peter Schrippa.

42. In the letter, Plaintiff complained of harassment and discrimination by Ms. Daniels.

43. Plaintiff also complained in person to Peter Schrippa that day, May 9, 2016, about harassment and discrimination by Ms. Daniels.

44. After that conversation, Plaintiff had a panic attack which necessitated immediate medical attention.

45. Subsequent to Plaintiff's internal complaint, Groupon further discriminated and retaliated against Plaintiff in the terms and condition of her employment.

46. Due to Plaintiff's terrible working conditions and harassment, in June of 2016, she was forced to resign.

47. After that time Plaintiff was out of work for approximately five months where she did not receive her wages, benefits, or commissions.

48. In November of 2016, Plaintiff obtained new employment.

**COUNT I – Violation of FLSA (All Defendants)**

49. Plaintiff re-alleges and incorporates all allegations in all preceding paragraphs as if fully set forth herein.

50. As more fully set forth above, Defendant was Plaintiff's employer under 29 U.S.C. § 203(d) and Plaintiff served as its employee.

51. Section §207 of the FLSA provides in relevant part:

> [N]o employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at the rate not less than one and half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

52. Section 216(b) of the FLSA provides in relevant part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . .

U.S.C. § 216(b).

53. Based on the foregoing, Plaintiff is entitled to be paid one and one-half times of her regular hourly rate of pay for each hour she worked in excess of 40 hours per workweek.

54. The pay practices of Defendant, as described in the above paragraphs, violated the FLSA by failing to properly pay overtime to Plaintiff for those hours.

55. Defendant's violations of the FLSA were knowing, willful, and reckless as Defendant did not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

56. Plaintiff has been harmed and suffered damages by being denied overtime wages in accordance with the FLSA, plus incurred costs and reasonable attorneys' fees.

57. As a result of Defendant's unlawful acts, Plaintiff is entitled to the recovery of overtime wages, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation.

## COUNT II (Disability Discrimination – ADA)

58. Plaintiff re-alleges and incorporates all allegations in all preceding paragraphs as if fully set forth herein.

59. As described above, Plaintiff was disabled as defined by the ADA, 42 U.S.C. § 12102(1).

60. Despite her disability, Plaintiff performed and could perform all of her job duties in a satisfactory manner with an accommodation.

61. Plaintiff requested an accommodation: intermittent leave when experiencing symptoms of her disability.

62. Despite purportedly granting Plaintiff's requested accommodation, Defendant discriminated against Plaintiff when it: (a) pressured her into not taking time off when necessary; (b) harassed Plaintiff and generally worsened the terms and conditions of her employment because of her disability and requested accommodation; and (c) placed Plaintiff on a Performance Improvement Plan.

63. As a direct and proximate result of Defendant's discrimination of Plaintiff, Plaintiff was forced to resign and was damaged in lost wages, commissions, benefits, and other amounts to be determined at trial.

**COUNT III (Retaliation – ADA)**

64. Plaintiff re-alleges and incorporates all allegations in all preceding paragraphs as if fully set forth herein.

65. Under 42 U.S.C. § 12203, it is unlawful to retaliate against anyone for participating in ADA protected conduct.

66. Plaintiff engaged in protected conduct under 42 U.S.C. § 12203 when she requested an ADA accommodation, generally sought to exercise her ADA rights, and lodged an internal complaint to Defendant.

67. Defendant retaliated against Plaintiff in response, when it harassed Plaintiff, put her on a Performance Improvement Plan, and generally worsened the terms and conditions of Plaintiff's employment.

68. As a direct and proximate result of Defendant's retaliation against Plaintiff, Plaintiff was forced to resign and was damaged in lost wages, commissions, benefits, and other amounts to be determined at trial. .

**COUNT IV (Interference – ADA)**

69. Plaintiff re-alleges and incorporates all allegations in all preceding paragraphs as if fully set forth herein.

70. Under 42 U.S.C. § 12203, it is unlawful to interfere with any individual's enjoyment of his ADA rights on account of such individual having exercised his or her ADA rights.

71. Defendant interfered with Plaintiff's enjoyment of his ADA rights, when it refused to allow, and/or pressured her into not utilizing, her requested accommodation.

72. Defendant's interference with Plaintiff's ADA accommodation rights harmed her by exacerbating her symptoms, causing a panic attack, and ultimately causing her to resign, thus leading to monetary damages.

WHEREFORE, for the foregoing reasons, Plaintiff prays for relief against Defendant as follows:

a. An Order declaring that Defendant violated the FLSA;
b. Judgment for Plaintiff against Defendant for the overtime payments due Plaintiff for the hours worked without proper compensation;
c. Liquidated damages against Defendant as set forth in 29 U.S.C. § 216(b);
d. An order awarding Plaintiff reasonable attorneys' fees along with costs and expenses against Defendants pursuant to 29 U.S.C. § 216(b);
e. Lost wages, commissions, benefits, and other amounts during the time Plaintiff was out of work as a result of Defendant's discrimination of, retaliation against, and interference with, Plaintiff and her exercise of her ADA rights; and
f. Any and all other relief the Court deems just and proper.

DATED this 24th day of January 2017.

**MATHESON & MATHESON, P.L.C.**

By: *[signature]*
Michelle R. Matheson, #019568
*Attorney for Plaintiff*